**Martin C. HAIN, Jr., Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3271.

United States Court of Appeals, Federal Circuit.

Dec. 11, 2001.

Rehearing Denied Feb. 1, 2002.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Martin C. Hain, Jr. appeals from a final order of the Merit Systems Protection Board ("MSPB" or "Board") denying review of an initial decision dismissing his appeal as barred by the doctrine of res judicata. *See Hain v. Office of Pers. Mgmt.*, No. SE–0831–00–0328–I–1, 2001 WL 455845 (MSPB Apr. 18, 2001). Because Hain has not demonstrated that the Board's decision is in error, we *affirm.*

I.

Hain worked for the federal government as an employee of the armed services for short periods in 1946 and 1947, served continuously from April 1965 until July 1986, and retired after over 22 years of

federal service. Hain applied for a deferred retirement annuity in 1989. The Office of Personnel Management ("OPM") denied his application based on its finding that Hain's service was not creditable for annuity purposes because he served under appointments excluded from coverage under the Civil Service Retirement System ("CSRS"). Hain's personnel records showed that he was appointed to indefinite positions not subject to the CSRS and there was no evidence that he ever made any contributions to the Civil Service Retirement and Disability Fund. His appointments thus fell within the exclusions from covered service of 5 C.F.R § 831.201(a)(12) and (13), and Hain was therefore denied any retirement benefits under the CSRS by OPM.

Upon request for reconsideration, OPM affirmed its denial of Hain's application in a decision dated June 26, 1990. Hain appealed that decision to the Board, which affirmed in an initial decision concurring with the OPM's findings that Hain was not entitled to a retirement annuity based on his federal service of record. *Hain v. Office of Pers. Mgmt.*, No. SE–0831–90–10509 (M.S.P.B. Oct.17, 1990). Hain's petition for review of the initial decision was denied in 1991. *See Hain v. Office of Pers. Mgmt.*, 47 M.S.P.R. 122 (1991) (Table).

On May 15, 2000, Hain again contacted the OPM in an effort to request benefits based on his federal service. The OPM determined that Hain failed to submit any new evidence and denied his application. Hain appealed OPM's denial in a letter to the Board dated July 14, 2000, requesting a "re-opening" of his case. OPM moved to dismiss the appeal based on res judicata. The administrative judge ordered Hain to show cause why his appeal should not be dismissed on the ground that his annuity request had already been adjudicated. Hain responded that he did not dispute that his case had already been adjudicated, but he "honestly believed" he was entitled to an annuity for his long years of service.

In an initial decision, the Board dismissed Hain's appeal on the ground of res judicata. *Hain v. Office of Pers. Mgmt.*, No. SE–0831–00–0328–I–1 (MSPB Sept. 26, 2000). The Board's initial decision was made final when Hain's petition for review was denied. *Hain v. Office of Pers. Mgmt.*, No. SE–0831–00–0328–I–1 (MSPB Apr. 18, 2001).

Hain timely appealed the Board's decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## II.

The doctrine of res judicata applies to prevent repetitious litigation on the same cause of action. *Wilson v. Turnage*, 791 F.2d 151, 156 (Fed.Cir.1986). In this case, the Board did not err in applying res judicata to dismiss Hain's appeal. After the previous final order of the Board based on the same claim, Hain presented no new evidence. The administrative judge informed Hain of the res judicata issue and provided him with an opportunity to respond. Hain's response did not contest that his claim had already been adjudicated.

## III.

Because no error has been shown in the Board's decision to dismiss Hain's appeal as barred by res judicata, we affirm.